WEBB, Respondent, v. HANSON, Appellant.

The Court of Sessions granted a license to defendant to run a ferry. This grant was resisted by plaintiff, who took an appeal to the District Court, who affirmed the grant; which judgment remained unreversed. This action was brought to recover damages from defendant for running the ferry; the plaintiff alleging that the license was illegally granted. *Held*, that the judgment of the District Court was a bar to this action, and that that judgment could not be impeached collaterally.

APPEAL from the Tenth Judicial District, for Yuba County.

The plaintiff, Hanson, claimed damages of defendant, to the amount of $8500, for that defendant, between the 1st of March, 1852, and the 1st April, succeeding, run a ferry across Feather River, near Yuba City, within one mile of a ferry, regularly licensed by the Court of Sessions of Yuba County, belonging to plaintiff, to the damage of plaintiff, &c.

The answer of Webb, the defendant, admits that he did run a ferry across Feather River, as stated in the complaint, but avers his right to do so, under a license granted to him on the     day of May, 1851, by the Court of Sessions of Yuba County, for the period of one year from that date.

The plaintiff filed an amended complaint, in which he charged that Yuba County had aided the defendant to do the damage, &c., inasmuch as the damage was done under a license wrongfully issued by the Court of Sessions of said county, to the defendant; and prays that Yuba County, through its District Attorney, be cited to appear, and answer, &c. A citation issued 12th June, 1852, and was returned, " served on H. P. Haun, District Judge of Yuba County."

In his amended answer, Webb admits Hanson's right to run a ferry, as stated in his complaint, but denies his right of action against him, and then proceeds to set out his application for a license to the Court of Sessions, on the 22d May, 1851; the grant of the same for one year, under which he run the ferry ; that Hanson appealed to the District Court of Yuba County, from the said order of Sessions granting the license to him, Webb ; that the appeal was tried by a jury, who found in favor of

Webb and against Hanson, and judgment was rendered by the court, in conformity thereto, which judgment still remains in full force, and unreversed.    That on the 16th June, 1851, Hanson appealed to the Supreme Court, who affirmed the judgment of the District Court, on the 21st February, 1852, and that the said appeal was dismissed, and judgment for costs rendered against Hanson, and the Supreme Court denied a re-hearing of the cause on the application of Hanson.

That on the 21st April, 1852, Webb applied to the said Court of Sessions, for a renewal of his license, which the said court granted, from the 22d May, 1852, for one year, and which is still in full force, and he continues to run a ferry under the same, and that all the grievances complained of by plaintiff, were done by the defendant, under said license.

The cause came on for trial in the District Court, 12th July, 1852, and the court ordered that the same be dismissed as to Webb, and gave judgment for costs against Hanson.

The plaintiff filed the following exceptions to the ruling of the court.

1. That the court dismissed the action upon the ground, that the order granting the license, by the Court of Sessions, having been affirmed by the District Court, upon appeal from the Sessions, and that this judgment remaining unreversed, was a bar to this action.

2. That the court refused to permit the plaintiff to show that the license of defendant was null and void, and that the Court of Sessions had acted without authority.

3. And refused to allow plaintiff to show that the District Court had erred in affirming the license issued by the Sessions.

*Walker*, for appellant.

The order granting a license is not a judgment of court; but if the order of the District Court, affirming the license to Webb, be a judgment, it would be proper to show in this action, that the license was improperly granted. If it were issued without the notice required by the statute, it would be void. But the District Court, by dismissing this action, cuts off such proof. If a judgment be rendered without summons, or complaint filed, a sale made under it will be set aside.

A license is in the nature of an appointment to office, and not of a judgment.   2 Hilliard, on Real Prop., chap. 63, sect. 16, p. 49 (2d edition).   If allowed to show a judgment void, *a fortiori* a ferry license.

————, for respondent.

There being no allegation of fraud, the decision of the District Court cannot be attacked collaterally, and was a bar to this action.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The assignment of error relied on, is that the plaintiff failed to show that the Court of Sessions had jurisdiction to grant the ferry license, inasmuch as some of the requisitions of the statute had not been complied with.

It appears, however, that the defendant had resisted the grant of license, and taken an appeal to the District Court, where there was had a trial *de novo,* and an affirmance of the decree of the Court of Sessions.

The District Court is a superior court of general jurisdiction, and its judgment upon any subject within its power, must be held as conclusive between the parties in every collateral issue, as long as such judgment is unreversed.

It results, that there was no error in the court below refusing to permit its former judgment to be impeached; and the judgment is therefore affirmed.